Dix v. Union Insurance Co.

Dix, Respondent, v. Union Insurance Company, Appellant.

1. A policy of insurance upon a steamboat contained the usual clause making it the duty of the assured, in case of loss or misfortune, "to use every practicable effort for the safeguard and recovery of the steamboat." *Held*, in a suit on this policy, that where by the grounding of the boat, it was in immediate danger of being lost or seriously damaged, or it was in the highest degree probable at the time that it would be lost or seriously damaged unless launched or set afloat, the insurer was liable for reasonable and proper expenses incurred in good faith by the assured in launching and setting the steamboat afloat.

*Appeal from St. Louis Court of Common Pleas.*

The opinion of the court, taken in connection with the instructions set forth below, contains a sufficiently full statement of the facts of this case.

The following instruction, among others, which it is unnecessary to set forth, was asked on the part of the defendant, and refused : " 2. Expenses incurred by the plaintiff in getting his boat off the bar on which she grounded, are not recoverable in this action, unless they were indispensable to save her from danger of being totally lost. The existence of such danger is not proved by showing that the boat, when aground, was in a situation to be peculiarly liable to loss, if certain perils assailed her ; but it must be shown that some particular peril, threatening her destruction, was actually present and apparent, and was so immediate and imminent as to make the incurring of the expense of getting her afloat a measure of indispensable necessity, in order to save her from being totally lost. If, therefore, the jury should be of opinion that the plaintiff has failed to prove that his boat, as she lay aground, was the subject of an actually present and apparent peril, which imme-

diately threatened her total loss unless she was got afloat; or if they believe from the evidence that the danger to her, if any, was future and remote, and depended on the occurrence of events which might or might not happen, they will find for defendant."

The court then gave the following instructions:

1. The mere grounding of the boat, though she may have been thereby liable to be detained a long time from the prosecution of her voyage, gives the plaintiff no right to recover from the defendant the expenses attending her detention, nor the expenses of getting her afloat that she might resume her voyage.

2. If the jury believe from the evidence, that the steamboat Timour No. 2, through no fault or neglect of its officers or crew, grounded at the place and in the manner and at the time stated by the witnesses, and that in consequence thereof the boat was in immediate danger of being lost or seriously damaged, or that it was in the highest degree probable at the time that it would be lost or seriously damaged unless it should be launched or set afloat in the manner stated by the witnesses, or by other than the efforts in the power of the officers and the crew to make; and if they further believe that the master and owners of the boat, in view of said danger and probability of loss or serious damage, in good faith, for the purpose of saving said boat or rescuing it from said peril, incurred any of the expenses sued for, and said expenses were reasonable and proper, under the circumstances, as they then existed, the plaintiff is entitled to recover.

3. Whether it was in the highest degree probable at the time that the boat would be lost or seriously damaged, must be determined by the facts and circumstances as they then existed, and not as subsequent events show it would have resulted if nothing had been done to the boat.

4. If the boat, as she lay aground at the time, was not in immediate danger of being lost or seriously injured, or it was not highly probable that it would be lost or injured, unless

other efforts than those of the officers and crew were made to rescue said boat, then the plaintiff is not entitled to recover.

5. By the terms of the policy, in case of a peril such as is stated in the foregoing instruction, it is the duty of the assured, his agents or assigns, to use every practicable effort for the safeguard and recovery of the boat, and the insurer is bound to pay all reasonable charges incurred thereby in good faith, in the proportion the sum insured bears to the agreed value of the property, which, in this case, is one-fourth; but the insurer is not bound to pay for the wages or provisions furnished to the officers or crew, while the steamboat was detained, except for such extra services, if any, as were rendered by said officers or crew in protecting and recovering said boat from said peril.

6. If the jury find for the plaintiff they can allow nothing for the wages of the officers and crew whilst the boat was detained, except for such extra services rendered by them, if any, in protecting and recovering the boat from the alleged peril. They can allow nothing for provisions furnished the officers and crew during the detention of the boat, nor any of the expenses of forwarding the cargo of the boat to its place of destination.

7. If the jury find for the plaintiff, they can not allow the plaintiff for the wages of the officers and crew whilst making ordinary efforts to get the boat afloat, so that it might resume its voyage. If the voyage was abandoned, and afterwards the officers and crew were employed in rescuing the boat from said peril, then the plaintiff will be entitled to recover for reasonable wages after said abandonment.

To the giving of these instructions defendant excepted.

*C. D. Drake* and *Glover & Richardson,* for appellant.

I. The grounding of the boat was not in itself a peril insured against, when happening in the ordinary course of navigation, and without the intervention of any extraordinary cause. (1 Phillips on Ins. § 1086, p. 617; 3 Kent's Com., 6th ed., 323, note *b.*; Wells v. Howard, 3 Barn. & Adol. 20; Kings-

ford v. Marshall, 8 Bingham, 458 ; Hazard v. N. E. Marine Ins. Co. 1 Sumner, 218, 228.)

II. Supposing the grounding to be a peril insured against, it would be only the extraordinary operation of that peril that would be considered as within the terms of the policy. If the boat, in this case, was not the subject, as she lay on the ground, of any extraordinary peril, but only that of indefinite detention, the underwriter was not responsible for expenses incurred in getting her afloat. (1 Phillips on Ins. § 1086.)

III. The expenses incurred by respondent were in view of apprehended danger of total loss or of serious injury to the boat. The second instruction asked on behalf of appellant was intended to set before the jury what was considered to be the true principles by which they might have distinguished between a reckless and unnecessary expense, incurred merely to enable the boat to proceed upon her voyage, and a proper and necessary expense to save the boat from being lost. It was erroneous in the court to refuse that instruction. (Oliver v. Maryland Ins. Co. 7 Cranch, 487, 493.)

*Hudson & Thomas*, for respondent, cited the following authorities : Maryland & Phœnix Ins. Co. v. Bathurst, 5 G. & Jo. 159 ; 2 Arnold on Ins. 993, 994 ; 3 Kent, 324–5.; 3 Mas. 27 ; 1 Phillips on Ins. § 1049, 1429, 1533 ; Idle v. Boyd, 3 Moore, 115 ; 1 Conn. 243 ; Dacoste v. Newnham, 2 T. R. 407 ; 4 Mass. 551.

RYLAND, Judge, delivered the opinion of the court.

The questions here involve the correctness of the instructions given by the court to the jury, and also the propriety of refusing those asked by the defendant.

The suit is brought by the insured to recover his proportion of expenses incurred in getting the steamer Timour No. 2 (the property insured) afloat. The boat had grounded on a bar in the Missouri river. The petition alleges that these expenses were necessarily incurred to save the boat from a total loss.

The policy contains an express stipulation that the insured, in case of loss or misfortune, shall use every practicable effort for saving the boat. The terms used are, "for the safeguard and recovery of the steamboat, and if recovered, to cause the same to be forthwith repaired; and in case of neglect or refusal on the part of the assured, his agents or assigns, to adopt prompt and efficient measures for the safeguard and recovery thereof, then the said insurers are hereby authorized to interfere and recover the said steamboat, and cause the same to be repaired for account of the assured; to the charges of which the said insurance company will contribute in proportion as the sum herein insured bears to the agreed value of this policy." There was a trial by jury, and verdict for the plaintiff, and judgment accordingly. The defendant brings the case here by appeal, and questions the propriety of the instructions of the court. These instructions state, in substance, that, to entitle the plaintiff to recover, it must be shown that the boat grounded without the fault of the officers or crew, and that in consequence thereof the boat was in immediate danger of being totally lost or seriously damaged unless she was got afloat; and that the master and owners, for the purpose of rescuing the boat from this peril, in good faith incurred the expenses, and that the same were reasonable and proper under the circumstances then existing.

From the statement of the facts in proof before the jury, there can be no doubt but that the danger of total loss, or of very great injury, was so great and imminent, that the master and owners, as honest men, were bound, under this policy, to take immediate steps to get the boat afloat. They could not, in good faith, await until the bar was cut away up to the bow of the boat before they began to use efforts to rescue her from the misfortune.

Nor was there a necessity that the boat should be in danger of total loss. It is sufficient that the expense was necessarily incurred in rescuing the boat from any danger for which the underwriters would have been liable. The instructions, then,

in our opinion, correctly lay down the law of the case as applicable to the evidence before the jury.

The plaintiff states that on the night of the 24th day of August, 1853, while the boat was ascending the Missouri river, she ran upon a bar or mud flat in said river, and then and there grounded and became stuck thereon, so that it was out of the power of the officers and crew of said boat to get her off of said bar or flat, although every possible effort was made to do so; that when said boat grounded, the river was falling and continued to fall until the said boat was entirely out of the water, in which situation she remained about three months. The plaintiff states that, in order to save the boat from becoming a total loss, it became necessary to launch her and get her again in the river, so that she would float; that some time in the month of November, 1853, he caused said boat to be launched for the purpose of saving her from becoming wholly lost, and by thus acting saved her from destruction.

The only possible objection to the instructions of the court consists in the rather loose way in which they are expressed in regard to the peril: " The boat was in immediate danger of being lost or *seriously damaged*, or that it was in the highest degree probable at the time that it would be lost or *seriously damaged*." We do not consider that this objection materially affects the merits of the matter in controversy. The facts were before the jury, and no one can doubt the imminent danger to the boat of total loss or serious damage. Had the boat not been launched, in all human probability she must have broken in two. There were no means in the power of ordinary steamboat machinery, spars and crew, to prevent this breaking, in the condition she was placed, when she was launched, in order to save her from destruction. " Serious damage" must mean " weighty, important damage. " When we say a man is " seriously wounded," the idea of probable loss of life comes to the mind of the hearer; and though such expressions are too loose for grave judicial instructions, yet we can not say that in this case any harm was done thereby to the defendant.

It did not require a total loss, or imminent danger of a total loss, in order to make the assurers or underwriters liable to contribute to the expenses fairly and *bona fide* incurred in rescuing the boat therefrom.

The proof sustains, in substance, the averments in the petition, and we have no doubt the jury were not misled by the words "serious damage." Seeing, then, no error calculated to affect, in any manner, the merits of the controversy, and believing that the law was fairly laid down to the jury, we will affirm the judgment; the other judges concurring.